UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

IN THE MATTER OF:

MARK E. HARSEVOORT,                                        Case No.: 19-01381
                                                           Chapter 7 – Filed: 03/31/2019

    Debtor.
_____/ /

## MOTION TO APPROVE STIPULATION RESOLVING ESTATE'S RIGHT, TITLE AND INTEREST IN DISCLOSED, NON-EXEMPT PROPERTY

**NOW COMES** Thomas A. Bruinsma, Trustee ("Trustee"), by and through his attorneys, Rayman & Knight, and for his Motion to Approve Stipulation Resolving Estate's Right, Title and Interest in Disclosed, Non-Exempt Property ("Motion"), says as follows:

1. He is the duly appointed and acting Trustee with respect to the above-captioned Chapter 7 proceeding which was filed on March 31, 2019.

2. The Debtor has chosen to take exemptions pursuant to MCL 600.5451 and MCL 600.5311.

3. The Trustee has averred that certain exemptions taken by the Debtor are improper, as set forth below:

    a. The Debtor has taken exemptions in both cash and a checking account under MCL 600.5311. Said exemption is not applicable as said applies to an "assignment of future wages pursuant to MCL 600.5301 *et seq*. The Debtor is not entitled to this exemption as he is not utilizing the procedures under 600.5301 *et seq*.;

    b. The Debtor has exempted his tax refunds under MCL 600.5451(1)(b). Said exemption is not applicable in these proceedings; and

    c. The Debtor has claimed an exemption of $57,350.00 under MCL 600.5451(1)(m) but has not demonstrated that he qualifies for said exemption.

4. The Trustee has resolved issues regarding the exemptions taken by the Debtor by entry into a certain Stipulation Resolving Estate's Right, Title and Interest in Disclosed, Non-Exempt Property ("Stipulation") which generally provides that the Debtor shall pay the estate the sum of $6,419.42 in monthly payments of $200.00 and a "balloon" on April 30, 2020.

5. Entry into the Stipulation is a proper exercise of the Trustee's business judgment and ought be approved for the following reasons:

   a. Although the Trustee believes that his arguments regarding MCL 600.5311 as to the checking and savings account are strong and further believes that any objection he might bring regarding the tax refund being exempt under MCL 600.5451(1)(b) are strong, the Trustee understands that there may be some risk with respect to challenging the Debtor's claim of exemption under MCL 600.5451(1)(m);

   b. The Debtor has averred that a member of the household is disabled under applicable law and that the value is such that the Trustee would realize nothing from the real estate. The Trustee has reviewed the value of the real estate, the merits of his objection as to same and has attributed a settlement value of $3,500.00 to that portion of the dispute;

   c. The Stipulation generally provides for full payment of matters pertaining to MCL 600.5311 and MCL 600.5451(1)(b). Therefore, the Trustee is getting full value for matters upon which he believes he would prevail and is compromising a matter that would be subject to a dispute and an evidentiary hearing; and

   d. Moreover, in the event the Trustee were to prevail as to the so-called "homestead exemption", the Trustee would be forced to sell the real estate in order to realize any equity, thereby exposing the estate to risks of sale, the cost of sale and inherent delays.

6. Entry into the Stipulation is, as stated, a proper exercise of the Trustee's business judgment. It is fair and equitable.

**WHEREFORE,** your Trustee prays:

A. That this Court enter an Order approving the Stipulation and finding same binding

upon all creditors and parties in interest; and

  B.  That this Court order such other relief as it finds just and equitable.

                 **RAYMAN & KNIGHT**
                 Attorneys for Trustee

Dated: June 19, 2019    By: _____/s/_____
                 Steven L. Rayman (P30882)

BUSINESS ADDRESS:
141 East Michigan Avenue, Suite 301
Kalamazoo, MI 49007
Telephone: (269) 345-5156